Filed 6/29/16  P. v. Frohman CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C080525 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 62-133585 & 62-138873) |
| v. | |
| MICHAEL ALLEN FROHMAN, | |
| Defendant and Appellant. | |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

Defendant Michael Allen Frohman entered a negotiated plea of no contest to several offenses:  in case No. 62-138873 (hereafter case No. 73), second degree burglary (Pen. Code, § 459; count two);[1] in case No. 62-133585 (hereafter case No. 85), grand theft of personal property exceeding $950 (§ 487, subd. (a); count eight), and three counts of second degree burglary (§ 459; counts three, five, & ten); in case No. 62-131631, hit

_____

[1] Further undesignated statutory references are to the Penal Code.

1

and run causing property damage, a misdemeanor (Veh. Code, § 20002, subd. (a)); and in case No. 62-131691, possession of a controlled substance, a misdemeanor (Health & Saf. Code, § 11377, subd. (a)). Defendant entered his pleas in exchange for a stipulated sentence of four years eight months and the dismissal of all remaining counts with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754 for purposes of restitution.

On September 25, 2014, defendant stole tools and equipment valued at more than $950 from Predator Industrial. (Case No. 85, count eight.) On September 26, 2014, defendant entered Echo Valley Feed with the intent to commit a larceny and the business was closed. (Case No. 85, count three.) Between September 26 and 27, 2015, defendant entered a county building with the intent to commit a larceny and the county building was closed. (Case No. 85, count five.) Between September 26 and 29, 2014, defendant entered "Fast Friday" with the intent to commit larceny and the business was closed. (Case No. 85, count ten.) Between April 18 and 19, 2015, defendant entered Comfort Inn with the intent to commit larceny. (Case No. 73, count two.) The parties stipulated to a factual basis for the misdemeanors in the other two cases.

The court sentenced defendant to county jail pursuant to section 1170, subdivision (h), in accordance with the plea agreement: the midterm of two years for count two in case No. 73 and a consecutive one-third the midterm or eight months for each of the four counts in case No. 85 (counts three, five, eight, & ten). The court imposed concurrent county jail terms for the misdemeanors.

Defendant appeals. The trial court granted his request for a certificate of probable cause. (§ 1237.5.)

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we

received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

_____/s/_____
Blease, J.

We concur:

\_\_\_\_\_/s/_____
Raye, P. J.

\_\_\_\_\_/s/_____
Hoch, J.

3